## BRENTNAL V. HELMS ET AL.

An action will not lie upon a general promise of indemnity, upon a liability only in the surety to be sued or called upon, for the debt.

ACTION of the case, declaring — That the plaintiff at the special instance and request of the defendants, and for their proper debt and duty, on the 15th of April, A. D. 17   became bound with them to the treasurer of the state in the penal sum of £101 5s., conditioned to pay £50 12s. 6d. by day of       being the duties on forty-five hogsheads of rum; that the defendants in consideration thereof, assumed and promised to indemnify and save harmless the plaintiff, from all damages and cost he should suffer and pay on that account; that the plaintiff has been compelled to pay said debt, and been put to much cost; to his damage £80.

Plea in bar — That the plaintiff hath never paid one farthing of said debt nor been put to any cost on that account; nor hath he been sued, until the day of the date of the plaintiff's writ, when a summons was served upon him. The plaintiff demurred to the defendants' plea.

The question was — Whether the plaintiff, being liable to be sued, and to be compelled to pay the debt, is a good cause of action upon this promise of indemnity; by the plaintiff it was contended that it was.

By the defendants it was contended — That neither a liability to be sued, nor, being actually sued, is a good cause of action, upon a promise generally to save harmless and indemnify.

Judgment of the court — That the defendants' plea is sufficient. Where a man is bound for the debt of another at his special instance and request; the law implies an obligation or promise to indemnify him. But is it to indemnify him against a mere liability to suffer damage, or to indemnify him against the damage, which he shall actually suffer? It is undoubtedly the latter. 3 Wilson, 262.

One would suppose, that any doubt or difficulty which has

existed in resolving this question, would be obviated, by ascertaining with precision, the facts in the cases which are as follow, viz. The plaintiff becomes bound with the defendants for their debt, and at their request; the defendants in consideration thereof, promise to indemnify and save him harmless, on account of his thus becoming bound.

Now what is meant by indemnifying and saving harmless? The terms are synonymous, and mean the same thing; they certainly mean, that the defendants will indemnify and save the plaintiff from any and every loss and damage he may eventually suffer, by reason of his becoming bound for them. This is done, either by paying the debt, and thereby discharging the surety; or in case that is omitted, and the surety is obliged to pay the debt, by refunding to him the money and interest, and the expense and just damages for his risk and trouble; in either of these ways the surety is indemnified, and the defendants' promise performed.

Two things are necessary to be united, in order to furnish a good cause of action in any case, viz. A violation of a right, which in law language is an injury; and a damage. Injury without damage, and damage without injury, are neither of them alone a ground of action; and it very often happens in society, that men are exposed to suffer loss and damage, yet no action can be maintained until a damage is actually sustained. A man sells a piece of land and covenants to warrant and defend it, against all claims and demands whatever; suits may be brought against his grantee, for the land; yet the warrantor is not liable on his covenant unless his grantee is evicted; and in that case the covenant extends only, to defend the title against an eviction, or to render damages to his grantee, for the loss of the land, his expense and trouble in defending it. The latter is equally a performing of his covenant as the former: for the covenant is, that the grantee shall hold the land; but if he cannot, that the grantor will make it good to him, that is, will pay him all his just damages and cost.

If an action will lie in favor of a surety against his principal, because he is exposed to pay the debt of his principal, it must be, either to recover the sum he is liable for, or to

compensate him for the liability; if for the former he then will recover a sum of money from the principal, that he has never paid, and only, as the case may be, for the principal to recover it back again; for the creditor may never call upon the surety for it: If it be the latter, viz. for his liability only, and not for the debt, it will be difficult to find a rule of damages: Besides, if an action is maintainable on this ground, the surety may repeat his actions for this, from day to day, so long as he continues liable, as in case of a nuisance; and even after the principal has paid and discharged the debt, if the surety had at any time been liable, an action would be maintainable. The cases cited from the books respecting sheriffs, and respecting bankrupts, were they to be considered as authorities here, prove nothing for the plaintiff; for the escape of a prisoner in gaol on an execution, is a tort, committed upon the gaoler, and he thereby becomes debtor to the creditor; he may immediately pursue and retake the body, or have an action for the money.

In the case of bankruptcy, if a surety might have an action on the ground of his being liable only, it would be for damages merely, which is not provable under the commission; but Lord Mansfield in the case of Taylor v. Mills and Magnall, Cowper, 525, where the plaintiff had become liable before the bankruptcy, lays it down as a settled principle that the plaintiff, till damnified (which he could not be until he had been called upon and had paid,) could not bring an action; he did not pay the debt till after the commission issued, consequently his whole damage and cause of action, arose after the bankruptcy. Where the engagement to indemnify is special, to pay the debt when it becomes due and to indemnify, etc. the case would be otherwise.