## WARD *against* HENRY.

Where the obligation of the defendant depends on the performance of an act by the plaintiff to a third person, or by a third person to the plaintiff. the plaintiff's right of action is complete, whenever the act is done or the injury is sustained; and it is not necessary to aver or prove notice to the defendant of such act or

*New-Haven, July, 1825,*

*Hobart v. Frisbie.*

Ward
*v.*
Henry

injury ; it not being regarded as lying more properly in the knowledge of the plaintiff than of the defendant.

Between principal and surety, the law implies a contract, arising simultaneously with the relation, that the principal will indemnify the surety from any legal injury he may suffer, by the responsibility he has assumed ; and this contract is broken the moment the principal sustains such injury.

A general count of *indebitatus assumpsit* for money paid, laid out and expended, is proper in all cases where a surety has been obliged to pay money for his principal ; and in such case, it is not necessary for the plaintiff, before the bringing of the action, to give notice to the defendant of having paid the money.

    This was an action of *assumpsit* for money paid by the plaintiff as surety for the defendant. The first count stated the cause of action as follows : That on the 25th of *August*, 1817, in consideration that the plaintiff, for the sole accommodation, and at the special instance and request of the defendant, would become holden as surety for him, on four several promissory notes, amounting to 2161 dollars, payable to *Charles Denison*, with interest annually, the defendant undertook and faithfully promised the plaintiff to pay all such notes, when they should become due and payable, and to indemnify and save harmless the plaintiff from all loss or damage, which might happen, by reason of his becoming so holden as surety ; that the defendant did sign such notes as surety for the defendant, promising, jointly and severally with the defendant, to pay, on demand, the several sums specified in said notes, with interest annually ; that all said notes have since become due, yet the defendant, his promises and undertakings aforesaid not regarding, did not pay said notes, or either of them, nor indemnify and save harmless the plaintiff ; that the plaintiff, in consequence thereof, on the 1st of *November*, 1821, was obliged to pay, and did pay, to said *Charles Denison*, the several sums specified in said notes, with interest thereon, and the costs of an action brought on said notes, amounting in the whole to a large sum of money, *viz.* the sum of 3000 dollars.

    The other count was general *indebitatus assumpsit* for money paid, laid out and expended, by the plaintiff, for the sole use of the defendant, and at his special instance and request.

    The cause was tried, on the plea of *non-assumpsit*, at *New-Haven, January* term, 1825, before *Chapman, J.*

    The plaintiff proved, that he, at the request of the defendant, and as his surety, signed jointly with the defendant, all the notes mentioned in the first count of the declaration ; that those notes were given for the proper debt of the defendant; that the defendant paid the interest on them for one year, and

the plaintiff, on the application of the holder, paid to him, on the 17th of *September*, 1819, the interest for the year ending in *August*, 1819; that on the 1st of *September*, 1821, a suit on the notes was commenced, by a writ of attachment against the plaintiff; and that on the 3rd of *September*, the plaintiff paid on them to the holder the sum of 2304 dollars, 24 cents, and the further sum of 12 dollars for costs of suit. It was admitted, that the defendant had no actual notice of the payment of the money, or of the suit on the notes, until after the commencement of this suit; and that he, in the fall of the year 1819, become bankrupt, and, in the year 1820, removed to the city of *New-York*, where he has since resided.

Upon these facts the plaintiff claimed, that the judge ought to instruct the jury, that he, the plaintiff, was entitled to recover; and the defendant claimed a verdict in his favour. The judge instructed the jury, that to sustain the present action, it was not necessary for the plaintiff to give any notice to the defendant of his having paid the notes, or to make any demand of the defendant, before the commencement of the suit; and that upon the facts proved and admitted, the plaintiff was entitled to recover. The jury returned a verdict for the plaintiff accordingly; and the defendant moved for a new trial, for a misdirection.

*Daggett* and *Kimberly*, in support of the motion, contended, 1. That before the surety can maintain an action against the principal, he must have paid the money, or have been actually damnified; a mere liability to pay furnishing no cause of action. *Brentnal* v. *Holmes*, 1 *Root* 291. *Powell* v. *Smith*, 8 *Johns. Rep.* 249. *Hayden* v. *Cabot*, 17 *Mass. Rep.* 169. *Paul* v. *Jones*, 1 *Term Rep.* 599. *Taylor* v. *Mills & al. Cowp.* 525. 527. *Toussaint & al.* v. *Martinnant*, 2 *Term Rep.* 100.

2. That before the surety can maintain an action against the principal, the former must give notice to the latter of the payment of the money or other damage. The general rule is, that where the debt or duty arises to the plaintiff, upon the performance of an act more properly within the knowledge of the plaintiff than of the defendant, the plaintiff must shew that the defendant had notice. 1 *Chitt. Plead.* 320. 1 *Swift's Dig.* 697. *Lent & al.* v. *Padelford*, 10 *Mass. Rep.* 230. 238. *Lawes' Assump.* 211. This note was made payable on demand; and the plaintiff's name was procured, that the debt might lie until the creditor should call for it. Any payment made by the

*New-Haven,*
July,
1825.

~~~~~

Ward
*v.*
Henry

plaintiff on the note falls strictly within the rule.    The plaintiff necessarily has full knowledge of the fact : the defendant can know nothing of it, until he is informed.

3. The best forms of pleading contain an averment of notice in cases like the present.    3 *Chitt. Plead.* 149.    *Amer. Prec. Dec.* 152. (old ed.)    *Powell* v. *Smith,* 8 *Johns. Rep.* 249.

*R. I. Ingersoll,* contra, contended, 1. That where one is surety for another, the law implies a promise of indemnity.    Actual payment even, is not necessary to support the action, if the surety has been otherwise damnified.    1 *Swift's Dig.* 412. 413.

2. That whether the plaintiff seek to recover on the special count, or on the *indebitatus* count, he need not give notice of payment.    The rule is, that if the obligation of the defendant depend on the performance of an act, to be done by the plaintiff *to a stranger,* or *by a stranger* to the plaintiff,—whether it be the plaintiff's marriage, giving security, or paying money to such third person, or being molested by such third person,—it is not necessary to aver and prove notice.    The defendant, in all such cases, must take notice at his peril.    1 *Swift's Dig.* 697, 8.    1 *Chitt. Plead.* 320.    *Lawes' Assump.* 178. 182. *Cutler* & al. v. *Southern* & al. 1 *Saund.* 116. 117. n. 2.    1 *Selw. N. P.* 93.    And so are the forms.    2 *Chitt. Plead.* 87. 137. *Amer. Prec. Dec.* 178.    (*Anthon's* ed.)    3 *Wils.* 346.

3. That where the money has been actually paid, by *legal compulsion,* as in this case, the common *indebitatus assumpsit* count is sufficient.    *Esp. Evid.* 64.    1 *Selw. N. P.* 65.    2 *Chitt. Plead.* 87. n.    If the common *indebitatus* count is sufficient, in such case, then notice is not necessary, because the forms never aver notice in this count ; and if it were necessary to prove notice, it would be necessary to aver notice.

*N. Smith,* on the same side, declined argument.

BRISTOL, J. The question was discussed upon the argument of this case, whether the contract alleged to have been made in the first count of the declaration was such, as the law implied between principal and surety from the facts given in evidence ?    But whether it is or is not, in the view I take of the case, it is unnecessary to decide ; and being unnecessary, I deem it advisable to give no opinion on the point.

A general count of *indebitatus assumpsit* for money paid, laid out and expended, is proper in all cases,  where the surety has

been obliged to pay money for his principal : and as the present declaration contains this count, the only question necessary to decide, is, whether the plaintiff must give notice to the defendant of having paid the money, before bringing the action ? And to determine this, it may be necessary to inquire, what contract is raised between principal and surety, when the latter becomes bound for the debt of the former ?

This I believe to be a contract to indemnify the surety from any injury which he may suffer, by incurring such liability. This contract is supposed to arise at the moment when the surety contracts his obligation ; and is broken the moment when the surety is damnified, whether that damage consists in being obliged to pay the debt, or suffering any other legal injury. Whether this contract of indemnity necessarily includes in it a contract on the part of the principal, that he will pay the debt when due, or that he will furnish the surety with money to pay it, is immaterial ; for no one can doubt that it necessarily implies an agreement to pay the money to the surety, provided the surety shall be compelled to pay it from his own pocket.

Suppose, then, *A.* agrees to pay *B.* 100 dollars, provided *B.* is compelled, by virtue of a certain contract, to pay *C.* the same sum ; must *B.* give notice of the payment to *A.*, before he can sue for the money ? This is the only question in the case.

I believe no such notice is necessary. The admitted rule, that the indorser of negotiable paper must have notice of non-payment by the maker, to render him liable, does not oppose the principle. The liability of the indorser is created, by signing his name in blank on the back of a promissory note, and were it not for the custom of merchants, no contract could be written over that name, except such as the indorsee had specially authorized. The custom of merchants, in this case, supplies what, otherwise, must have been the subject of proof; and we must look to this custom to determine what the contract is, and by what omission, the benefit of it may be lost.

It has been said, that the principal is liable to suit, without knowing that the surety has paid the debt ; and thus, without any knowledge of his liability to the surety, is subjected to the costs of an action ; and it is asked, whether the principal can properly be subjected to such hardship ?

Is there any more hardship in this, than there is in subjecting the maker of a promissory note to a suit brought by the indorsee, although the maker may be wholly ignorant who that indorsee is, till he is taken by an attachment ? If *A.* promises *B.*

*New-Haven,*
July,
1825.

Ward
*v.*
Henry.

a certain sum of money, upon a marriage between *C.* and *D.*, is not *A.* liable to suit, the moment when the marriage takes place, although he is ignorant that the parties are married? If any hardship, in any such case, should ever occur, (a thing by no means probable,) the party who suffers by it, must ascribe the injury to his own indiscretion in making a contract, by which he obliges himself to pay absolutely, on the happening of a certain event, without stipulating that he should be *notified* of that event, as a condition precedent; not to those who *enforce* contracts according to their obvious meaning, instead of *making* contracts for the parties.

The rule on this subject, as collected from adjudged cases, will be found to be, that if the obligation of the defendant depends on the performance of an act by the plaintiff, to a third person, or by a third person to the plaintiff; whether it be the plaintiff's marriage, giving security, or (as in this case) paying money to such person, or being molested by him; the plaintiff's right of action is complete, whenever the act is done or the injury sustained; and it is unnecessary either to prove or allege notice of the act on which the defendant's obligation is to arise. In such cases, the *matter*, on which the defendant's obligation is to arise, is not regarded as lying more properly in the knowledge of the plaintiff than of the defendant. *Bradley* v. *Toder,* *Cro. Jac.* 228. *Crane* v. *Crampton, Cro. Car.* 34. *Lawes' Plead.* 216. 1 *Swift's Dig.* 697.

HOSMER, Ch. J. and BRAINARD, J. were of the same opinion.

PETERS, J. qualified his assent, by some expressions of doubt.

New trial not to be granted.