ROSINA CACAVALLE *vs.* ANTIMO LOMBARDI.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The relation between a grantor and a grantee who assumes and agrees to pay an existing mortgage on the property is that of surety and principal.

If, after the conveyance and without the knowledge and consent of the grantor, the grantee and mortgagee enter into a definite, enforceable contract for an extension of the time of payment

of the mortgage debt, the grantor is thereby released from liability as surety for the grantee.

Ordinarily, therefore, if the grantor pays the mortgage debt before the date to which its maturity has been extended, he is a mere volunteer and is not entitled to reimbursement from the grantee; but where, as in the present case, he has retained title to a part of the mortgaged premises and thus has an interest which may be seriously affected by the extension agreement through possible diminution in the value of the property, or increase of the debt by accumulations of interest, or impairment of the financial responsibility of the grantee, or inability to sell or mortgage the portion so retained, his payment will be regarded as made in proper protection of his rights and he may immediately recover it from the grantee.

A surety may waive his right to claim a discharge upon an unauthorized alteration of the terms of the debt.

Argued April 12th—decided June 28th, 1927.

ACTION to recover the amount of a mortgage note which the defendant was alleged to have assumed and agreed to pay, brought to the Superior Court in New Haven County and tried to the court, *Wolfe, J.;* judgment for the defendant, and appeal by the plaintiff. *Error; judgment directed for plaintiff.*

*Robert J. Woodruff* and *Harry A. Cohen,* for the appellant (plaintiff).

*Joseph I. Shrebnik,* with whom was *Samuel H. Platcow,* for the appellee (defendant).

HINMAN, J.   On or about January 1st, 1918, the plaintiff purchased a tract of land, containing thirty-five acres, more or less, in Orange, and as a part of the consideration therefor assumed and agreed to pay a mortgage, then upon the land, in favor of one Dick, for $3,700.   On May 20th, 1922, the plaintiff sold thirty-one acres to the defendant, reserving four acres to herself.   As a part of the consideration for the land so purchased by the defendant, he assumed and agreed

Cacavalle *v.* Lombardi.

to pay the Dick mortgage. The principal of the mortgage was reduced by payments to $2,300, and on or about October 7th, 1924, the defendant made an agreement with Dick, the mortgagee, whereby, for the consideration of $400 paid by defendant to Dick, the latter agreed to and did extend the time for the payment of the mortgage for the additional term of three years from October 7th, 1924. This extension was made with the consent and approval of the bank which was holding the mortgage as collateral security on a loan to Dick, but without the knowledge of the plaintiff. In September, 1925, the defendant transferred the thirty-one acres to one Carmela Lombardi. In March, 1926, the plaintiff, by her agent, requested from Dick a release of the mortgage, but was informed by him of the extension granted to the defendant and he refused to release the mortgage. Thereafter the bank which held the mortgage as collateral, upon a request by telephone which it believed came from the defendant but which was, in fact, made by the plaintiff's agent, sent a release of the mortgage to another bank, through which the plaintiff paid the mortgage and received the release. At the time the mortgage was so paid the semiannual interest was not due and the extension agreed to between Dick and the defendant had not expired. No demand was ever made, by either Dick or the bank, upon any person for the payment of the mortgage. Immediately after the plaintiff received and recorded the release she made demand upon the defendant for payment of the amount of the mortgage and upon refusal brought this action.

From these material facts found by it, the trial court reached the conclusions: (1) that by the assumption of the mortgage the defendant became the principal debtor and the plaintiff the surety; (2) that when Dick extended, to the defendant, the time for pay-

ment, without the knowledge or consent of the plaintiff, the latter was thereby released from any liability on the mortgage or note; and (3) that in paying the note and mortgage, under the circumstances, the plaintiff was a mere volunteer and so not entitled to reimbursement from the defendant. The soundness of these conclusions is attacked by such of the reasons of appeal as were pursued in brief and argument.

The relation between a mortgagor and his grantee who assumes the mortgage, and between subsequent successive grantees, each assuming the mortgage, is that of surety and principal. *Boardman* v. *Larrabee,* 51 Conn. 39, 42; 2 Jones on Mortgages (3d Ed.) § 742, § 747; 3 Tiffany on Real Property (2d Ed.) § 624. So as between the plaintiff and the defendant the latter became principal and the former surety.

The contract by Dick to give an extension of time to the defendant was positive and definite, upon good consideration, and susceptible of enforcement. The plaintiff was, according to well-settled rules, thereby released from liability as surety for the defendant. *State ex rel. McClure* v. *Northrop,* 93 Conn. 558, 566, 106 Atl. 54; *Boardman* v. *Larrabee, supra,* 43; Brandt on Suretyship & Guaranty, § 296.

The trial court was therefore correct in its first conclusion, above-mentioned; likewise in the second, so far as relates to liability of the plaintiff on the note, as surety for the defendant.

But, in addition to her interest and liability arising from such suretyship, the plaintiff had a further and substantial interest in having the mortgage paid and discharged, and this on the date when it fell due, which, counsel agree, was October 7th, 1924. This interest existed by reason of her retention of the title to four acres of the mortgaged premises. This land remained subject to the mortgage, and the plaintiff's

only protection and safeguard was her contract with the defendant that he would assume and pay the entire mortgage debt and thereby free the land retained by the plaintiff from the incumbrance. If she were obliged to stand by and submit to extensions of the time, beyond the original due date, when this mortgage should be paid, her land would be subjected to a burden not contemplated by her contract with the defendant and she would be exposed to risk of diminished value of the remaining land, increase of the debt by accumulated interest, or insolvency or impaired responsibility of the defendant. *Murray* v. *Marshall,* 94 N. Y. 611, 615. In case the mortgage debt was not paid when the extended period for payment expired, the plaintiff, by reason of her retained ownership of part of the mortgaged property, would be a necessary party to a foreclosure action, and her land as well as that conveyed to the defendant might be taken by foreclosure. Her only remedy would then be resort to the defendant's agreement with her which, as above indicated, by that time might have become unenforcible and valueless.

The ground upon which a surety is held to be discharged because of an extension granted to his principal is that to release him will repair the injury inflicted by such extension. 2 Williston on Contracts, § 1225, p. 2225. This right of discharge is a personal privilege which the surety may waive. *Fowler* v. *Brooks,* 13 N. H. 240. In the present situation, the plaintiff might, doubtless, claim a discharge of her obligation as surety to the defendant, but this, as above indicated, falls short of curing the prejudice accruing to her by reason of the extension of time obtained by the defendant from Dick. The incumbrance remained on her land, and she could neither advantageously sell it nor, as it may be inferred from the finding she desired to do,

obtain a mortgage upon it for building or other improvements.

Under these circumstances, we think that the plaintiff is not fairly to be regarded as having made the payment as a volunteer or in her own wrong, but that her action was one of permissible protection for her interests and safety, involving no wanton sacrifice of the interest of the defendant, and that she is entitled to recover reimbursement. *Ward* v. *Henry,* 5 Conn. 595; *Brentnal* v. *Helms,* 1 Root, 291; *Bacon* v. *Gilson,* 18 Nev. 89, 1 Pac. 452; *Williams* v. *Williams,* 5 Ohio, 444; *Odlin* v. *Greenleaf,* 3 N. H. 270; Brandt on Suretyship & Guaranty, §§ 176, 178; 32 Cyc. 250 *et seq.;* 21 R.C.L. pp. 1097-1103; note, 134 A.S.R. 564.

It is true that a recovery before the expiration of the extended time may deprive, *pro tanto,* the defendant of the benefit of such extension and the consideration paid Dick therefor, but since he chose to contract without reference to the rights and interests of the plaintiff he may not fairly complain if she is not compelled to abide by the terms of an agreement, obviously prejudicial to her interests, to which she was not a party nor given opportunity to accord or withhold assent thereto.

There is error, and the Superior Court is directed to render judgment that the plaintiff recover of the defendant $2,300, with interest from March 5th, 1926.

In this opinion the other judges concurred.