HARRIET A. CARPENTER et al., as Executors of HATTIE A. PINCH-BECK, Deceased, Plaintiffs, v. WALTER V. HOGAN et al., Defendants.

Supreme Court, Special Term, Westchester County, July 27, 1943.

*Crescens Hubbard* for plaintiffs.

*Charles D. Lewis* for defendants.

ALDRICH, J. This is a motion by the plaintiffs to strike out the answer of the defendants and for summary judgment in an action upon a bond, originally accompanied by a mortgage upon real property, which real property has been sold by the foreclosure of a prior mortgage in an action in which all of the present parties were joined as defendants. The defendants plead certain alleged defenses. *First,* there is a plea by the defendant Walter V. Hogan that he has been released upon the original bond by an extension of time given to his grantee. *Second,* both defendants claim that the entire obligation was wiped out by a refinancing transaction with Home Owners' Loan Corporation and that the attempted reservation of liability upon the bond and mortgage in question after subordination to the Home Owners' Loan Corporation mortgage was in violation of the statute creating that corporation and also in violation of the rules and regulations of the corporation and contrary to public policy.

The second alleged defenses, upon the record presented, do not raise any triable issue. The Home Owners' Loan transaction was an exchange of bonds for mortgages under subdivision (d) of section 1463 of the Home Owners' Loan Act of 1933. (U. S. Code, tit. 12, § 1461 *et seq.*) That statutory provision limits the face value of the bonds so exchanged plus accrued interest thereon and the cash advanced in connection therewith so that it shall not exceed in any case $14,000, " or 80 per centum of the value of the real estate as determined by an appraisal made by the Corporation, whichever is the smaller." This is a limitation upon the loaning capacity of the corporation and not a limitation upon any subordinated lien which might remain after the completion of the refinancing. The defendants are not aided by that statute. The rule of the Home Owners' Loan Corporation was that the mortgage to the

corporation and reserved liens subordinate thereto should not exceed the appraised value of the premises as determined by the corporation. Here, the mortgage taken by the corporation plus the reserved lien in question did not exceed the appraised value so that there was no violation of the regulations. (*Lavery* v. *Rizza,* 126 Conn. 132.) The record here shows conclusively that the Home Owners' Loan Corporation knew of and consented to the reservation of rights under the bond and mortgage in question as subordinated and reduced. Consequently, it was not a secret or concealed transaction and was not void as against public policy. (*Lavery* v. *Rizza, supra.*) This conclusion requires that the answer as to the defendant Catherine A. Hogan must be stricken out and summary judgment awarded against her, and it is so ordered. This leaves for consideration the alleged defense of the defendant Walter V. Hogan that he was released by an extension of time given to his grantee, et cetera. The bond and mortgage in question for $8,000 were originally executed by Walter V. Hogan. Subsequently he conveyed the premises covered by the mortgage to the defendant mother. The papers do not indicate whether by that conveyance she assumed the payment of the mortgage, or whether the conveyance was merely made subject to the lien of the mortgage. In the former situation, a valid and enforcible agreement for the extension of the time of payment given to the grantee without the consent of the mortgagor would entitle the latter to claim his discharge from liability, because, by the assumption of the debt by the grantee, he would stand in the position of a surety and any dealing by the mortgagee with the grantee in the way of an enforcible extension of time, without his consent, would release him. In the latter situation there arises a quasi relation of surety to the transaction because the real property upon the conveyance subject to the mortgage becomes the primary security for the payment of the indebtedness, and if the mortgagee, without the consent of the mortgagor, gives a valid extension of payment, there is a discharge of the mortgagor upon the bond to the extent of the fair value of the real property at the time of the extension. In this case, if there was a legal extension of the time of payment, without the consent of Walter V. Hogan, within the meaning of the authorities, then he is released *in toto* because the appraised value — and for the purposes of this application the undisputed fair value of the real property at the time of the transaction — was more than the amount of the Home Owners' Loan Corporation first mortgage and the reserved lien of the

plaintiffs. It is not necessary that the consent of the surety should be in writing but it may be by parol. (4 Williston on Contracts [Rev. ed.] § 1223.) If this were the only issue there would be a triable question of fact because of the denial by the moving defendant that he gave any such consent at or before the time of the transaction. This, however, does not dispose of the subject for the reason that concededly this moving defendant did later sign a written instrument of consent, et cetera. We must, therefore, determine the effect of this instrument upon the liability of this defendant. There is no question of fact about its execution and there is no claim that it was obtained by fraud or duress or other improper means. The moving defendant does not deny that he knew all about the transaction in question when he executed that instrument. As a part of the refinancing transaction the plaintiffs' testatrix agreed to and did subordinate the $8,000 mortgage to the lien of the mortgage taken by the Home Owners' Loan Corporation. Then there was executed under date of August 8, 1934, a reduction and extension agreement wherein the then mortgagee was named as the party of the first part and the defendant mother was named as the party of the second part. It recites the mortgage executed by Walter V. Hogan, the ownership of the premises by Catherine A. Hogan and a consideration of an adjustment and settlement between the parties of the amount owing upon said bond and mortgage and the delivery to and acceptance by the mortgagee of Home Owners' Loan Corporation bonds, etc., "leaving an agreed balance of principal sum of Eleven Hundred and Fifty ($1,150) Dollars with interest from the day of the date hereof now owing thereon." It is thereupon agreed that the mortgagee extends the payment of said agreed balance of principal sum to be paid in installments as follows: $6 on August 8, 1937, and thereafter $6 on the 8th day of each and every month until fully paid with interest on the said agreed balance of principal sum owing or any unpaid balance thereof at the rate of 5% from August 8, 1934, payable with installments in each year, et cetera. It is agreed that the mortgagee will not commence any action or proceeding for the collection of the amount owing, or for the foreclosure of said bond and mortgage before the date fixed and stated therein for the payment of the first installment of principal. It is agreed that said mortgage is and shall be subject and subordinate to the liens of the mortgage made by the party of the second part to Home Owners' Loan Corporation. Then it is agreed that the party of the second part will pay said

principal sum and interest as above set forth as the same was thereby extended, et cetera. This instrument was executed and acknowledged by Catherine A. Hogan on August 8, 1934. It was executed and acknowledged by the mortgagee on August 13, 1934. It was recorded on September 7, 1934. It is a valid extension agreement. On September 7, 1934, before the recording of this agreement, the following instrument appended to the document was. executed and acknowledged by Walter V. Hogan: "I hereby consent to the execution of the foregoing agreement; and consent to the extension of the payment of the principal sum of $1,150, and interest therein mentioned; and consent to all of the terms therein contained; and I hereby agree that the execution of the said agreement is not to release me from obligation on the bond to the extent of the said principal sum of $1,150 and interest."

It is the claim of the plaintiffs that, while the original closing of the refinancing transaction was held on August 8, 1934, and the bond and mortgage to the Home Owners' Loan Corporation delivered on that date, because of the absence of the mortgagee the closing could not be completed, and that all of the papers to be executed by the mortgagee were considered as held in escrow until executed by her and delivered, and that as a part of the transaction it was mutually understood that the transaction was not to become effective until Walter V. Hogan signed his consent. He denies this. In other words, the plaintiffs claim that the refinancing transaction was never legally consummated and the extension agreement never delivered until after the consent of Walter V. Hogan had been executed thereon, and he claims that the transaction had been fully consummated long before the execution of his instrument and certainly not later than August 13, 1934, when the mortgagee executed and acknowledged the reduction and extension agreement. If this were the final determining factor in the situation, there would be a question of fact for trial on that issue but even this does not help Walter V. Hogan. The argument of his counsel is that he was completely released by the consummated legal transaction before he executed his instrument, that such instrument to reinstate his liability would require a new consideration and that there was no new consideration applicable to that transaction. This is not a correct statement of the law. The right of a surety to claim a discharge by a legal extension of time of payment given to the principal without the consent of the surety, is personal to the surety and may be waived by him. His consent may be given

after the transaction. He may ratify the extension by a subsequent affirmative act. He may waive his defense. If, with full knowledge of the facts he does any affirmative act which contemplates the continued existence of his status as a surety, he thereby waives the right to claim that he is discharged. If he makes a new promise to pay the debt or acknowledges its continued existence, he thereby waives such a defense. (50 C. J., Principal and Surety, §§ 191, 193, 194, 254; 4 Williston on Contracts [Rev. ed.], § 1223; Pingrey on Suretyship and Guaranty [2d ed.], § 118; 1 Brandt on Suretyship and Guaranty [3d ed.], § 381; *Bishop* v. *Eaton,* 161 Mass. 496.) This particular subject of the release of the surety has been under extensive consideration by the Law Revision Commission. In its 1937 report, the rule on the precise point here was stated as follows (pp. 912–913, footnote 133): " A subsequent promise by a surety, who has knowledge that he has been discharged by an extension of time, nevertheless to answer for the debt, will be binding upon the surety without other consideration 1 Brandt, Law of Suretyship and Guaranty (1905) § 381; 4 Williston, Contracts (Rev. ed., 1936) § 1223. The right of action in such case is based, however, upon the original obligation, and not upon the subsequent promise. Extension of time is treated as a defense personal to the surety, which he may waive. This situation has been described as one of the exceptional cases in which a promise is binding without consideration." There are numerous decisions to the same effect. (*Fowler* v. *Brooks,* 13 N. H. 240; *Cacavalle* v. *Lombardi,* 106 Conn. 339; *Schwartz* v. *American Surety Co.,* 231 Mass. 490; *Brinker* v. *First National Bank,* 37 S. W. 2d 136 [Texas]; *Texas National Bank* v. *Debes,* 132 Tex. 207, and cases cited in the textbooks referred to.) These authorities lead to the conclusion that Walter V. Hogan, by virtue of the instrument dated on September 7, 1934, is still liable for the balance unpaid on the amount secured by his original bond as reduced and extended. The motion for summary judgment is granted also as to this defendant. The motion by the plaintiffs being granted in all respects, the cross motion by the defendants to dismiss the complaint and for summary judgment thereon is denied.

Settle order on two days' notice.