John W. AMES et al., Plaintiffs,

v.

CHESTNUT KNOLLS, Inc., et al., Defendants.

Civ. A. 1854.

United States District Court
D. Delaware.

Feb. 6, 1958.

Robert V. Huber, Wilmington, Del., for plaintiffs.

Harold Shaffer and Murray M. Schwartz, Wilmington, Del. (Keil & Keil), Wilmington, Del., for defendant, Chestnut Knolls, Inc.

John M. Metten, Wilmington, Del., for defendants, Gross Associates, a syndicate, and others.

J. Paul Green (of the Veterans Administration), of Wilmington, Del., for defendant, William H. Smith.

Robert W. Wakefield, Asst. U. S. Atty., Wilmington, Del., for defendants, H. V. Higley, and others.

LAYTON, District Judge.

This is an action by seventy-two individuals alleging that they have purchased homes in a real estate development known as Chestnut Hill Estates, near Newark, Delaware, from defendant, Chestnut Knolls, Inc., a Delaware corporation. The action is against Chestnut Knolls, Inc.; Gross Associates, a syndicate; Irving Gross and Irwin Silver, individuals; Veterans Administration, an agency of the United States Government; H. V. Higley, Administrator of Veterans' Affairs; Ralph H. Stone, Chief Benefits Director; and Thomas J. Sweeney, Loan Guarantee Director.

The Complaint alleges that certain of the defendants, namely, Chestnut Knolls, Inc., Gross Associates, Irving Gross and Irwin Silver, represented and expressly warranted that the homes purchased conformed substantially to plans and specifications filed with the Veterans Administration (Complaint, pars. 4 and 5, and Exhibit 2 annexed to the Complaint); that the plaintiffs bought said homes relying upon the representations and warranties of these defendants (Complaint, par. 6); that the dwelling homes do not in fact conform substantially to plans and specifications filed with the Veterans Administration and that these defendants have refused to correct the alleged discrepancies (Complaint, pars. 8 and 11); that the Veterans Administration and several of its officials have wrongfully refused to order these defendants to make structural changes which will conform the plaintiffs' dwellings to the approved plans and specifications. (Complaint, pars. 9 and 12). Paragraph 13 of the Complaint alleges that some one of the defendants should conform the homes to the plans and specifications. The prayers demand judgment against the contractor defendants or, in the alternative, the officials of the Veterans Administration in the sum of $72,000.

The Complaint further states that the action arises under the provisions of the Housing Act of 1954, as amended, and that jurisdiction is conferred upon the Court by the Act of June 11, 1946, c. 324, § 10, 5 U.S.C.A. § 1009.

All the defendants by their various motions have moved for dismissal of this Complaint on the ground that this Court does not have jurisdiction of this case.

**LAYTON, District Judge.**

Defendants' two main grounds for dismissal are (1) that the Complaint does not assert a claim in which the amount in controversy exceeds $3,000.00, and (2) that the Complaint does not allege a controversy arising under the laws of the United States.[1]

This type of suit is commonly referred to as a spurious class suit. Moore's Federal Practice, Vol. 3, Section 23.10, p. 3453, et seq. It falls within sub-section (3) of Fed.Rules Civ.Proc. rule 23(a), 28 U.S.C., for the reason that the character of the right attempted to be enforced on behalf of the class is "(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought." In such an action, it is not permitted to aggregate the separate claims of the members of the class in order to meet the required jurisdictional amount of $3,000. Black and Yates, Inc., v. Mahogany Association, Inc., 3 Cir., 129 F.2d 227, 148 A.L.R. 841; Johnson v. Beneficial Loan Society, D.C.Del., 34 F.Supp. 392. If this were a true class action, the result would be different. Moore's Federal Practice, Vol. 3, Section 23.13, et seq. But, here, the clear failure to allege that each of the members of the class incurred damages in excess of $3,000 must result in a dismissal of the action. And it would seem that the result would be the same even if this were a suit arising directly out of the laws of the United States which, for reasons hereinafter given, I conclude it is not. Adams v. Albany, D.C. Cal., 80 F.Supp. 876.

While the conclusion just reached terminates the matter, nevertheless, plaintiffs, or some of them, may yet be able to show by amendment that their individual claims exceed $3,000, thus inevitably raising for decision the second ground of the motion for dismissal, namely, that the litigation does not arise under the laws of the United States. Accordingly, expediency demands a disposition of the entire controversy at this time.

There being no diversity here, the acts under which it is argued that federal jurisdiction is based are Title 28 U.S.C. § 1331, and Title 5 U.S.C.A. § 1009. The former grants jurisdiction to the federal district courts in all cases involving in excess of $3,000 which arise " * * * under the Constitution, laws or treaties of the United States." The latter provides for judicial review of agency action by some aggrieved person.

The only allegations in the Complaint charging the officials of the Veterans Administration (hereinafter called federal defendants) with any affirmative breach or omission of duty are found in paragraphs 9 and 12 of the Complaint. These paragraphs are repetitious. Paragraph 12 complains that the federal defendants did " * * * fail and refused to require of, and obtain from, defendants Chestnut Knolls, Inc., Gross Associates, Irving Gross and Irwin Silver the substantial conformity of the said residential properties (of these plaintiffs) with the said approved plans and specifications * * *." But when asked to point to the existence of any Federal Act or regulation requiring the federal defendants to compel the remaining defendants to correct the alleged building defects[2] in their homes, plaintiffs were unable so to do. They suggest that § 1701j–1 of the National Housing Act of 1954, places such a duty on the federal defendant, Higley, but a careful reading of that section discloses only that the Administrator of Veterans' Affairs must, in certain specified instances, require the builders of houses to furnish buyers

---

1. There are also motions to dismiss as against certain individual defendants because of defective service, etc., but the result here reached does away with the necessity of deciding these motions.

2. Presumably, plaintiffs are of the opinion that this Court could compel compliance by some order in the nature of a mandatory injunction. I express no opinion on this question because of plaintiff's inability to demonstrate in what respect the Administrator breached any legal duty to compel conformity with plans and specifications.

thereof with a written warranty that their dwellings were constructed in substantial conformity with the plans and specifications.[3] Here, the Administrator complied with § 1701j–1 by compelling the defendant builder to furnish each plaintiff with a written warranty. The section imposes no further express duty on the Administrator and none is inherent in its terms. Certainly, the mere fact that the warranties were required by federal law does not give rise to federal jurisdiction.

The only other federal source which plaintiffs point to as the basis for any duty on the part of the federal defendants to require the remaining defendants to correct the claimed defects in their homes is Title 5 U.S.C.A. § 1009, which provides, in effect, that any person suffering "legal wrong" from any agency action shall be entitled to judicial review thereof. But again, since plaintiffs are wholly unable to point to any duty on the part of the federal defendants to compel conformity of their houses with the plans and specifications, then it may be asked what "legal wrong" have they suffered from any agency action? The short answer is, none.[4]

While not mentioned by plaintiffs, I have given some consideration to Title 28 U.S.C. § 1346, which provides that, " * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the complainant in accordance with the law of the place where the act or omission occurred."

But here, once more, we are faced with the fact that no federal law or regulation empowers or requires the named federal defendants to take any action in respect of the grievances complained of by these plaintiffs.

I also have examined cases such as McNally v. Jackson, D.C.La., 7 F.2d 373, where federal jurisdiction was sustained on the theory that it was a suit against a United States official. But such suits do not give rise to federal court jurisdiction merely because a government official is sued. It must, at the least, appear that the official was sued for some act done under "cover of his official duties". See page 374 of the opinion. But this is about the same as saying that the suit must arise under the laws of the United States. Here jurisdiction over the Administrator is, at the least, most doubtful, the jurisdictional amount of $3,000 is lacking and no legal federal duty is shown to have been breached.

3. Plaintiffs also allege that this warranty runs in favor of the Administrator and in some undisclosed fashion he has the power and duty to compel the contractor to make good any defects in building. I read no such meaning into the language. True, the warranty states that it is executed for the purpose of inducing the Administrator to guaranty or insure a mortgage on the property. As a practical matter, this might put it within the power of the Administrator to refuse to issue permits for the erection of additional dwellings until the contractor made good on claimed defects in completed dwellings and thus the dissatisfied owner would benefit incidentally. Why the Administrator here declined to put pressure from this incidental source of power upon the contractor in order to satisfy the defects here complained of is not within my knowledge. Clearly, he was not legally required to do so.

4. A reading of subsection (e) of § 1009 indicates that the Act was probably designed for judicial review of alleged grievances suffered as the result of agency action in cases where the aggrieved party has unsuccessfully pursued all administrative remedies. It speaks of a record of the administrative proceedings, etc., and states that the reviewing court is bound by fact findings of the agency if there was substantial evidence to support the finding. The purposes of this Act seem foreign to the relief here sought.

In conclusion, it should be pointed out that, while plaintiffs' counsel in oral argument made some reference to relief by way of mandatory injunction and paragraph 13 of the complaint does state in effect that either the contractor defendants or the federal defendants should be compelled to make the homes conform to specifications, yet, the fact is that no such relief is actually demanded in the prayers for relief which state:

> "Wherefore, plaintiffs demand judgment against the defendants Chestnut Knolls, Inc., Gross Associates, Irving Gross and Irwin Silver, or in the alternative against the Veterans Administration, H. V. Higley, Administrator of Veterans' Affairs, Ralph H. Stone, Chief Benefits Director and Thomas J. Sweeney, Loan Guaranty Director of said agency, for the total sum of Seventy-two Thousand Dollars ($72,000) together with interest from the Seventeenth day of October, 1956, and costs."

Viewed strictly in the light of the quoted prayers, the theory of the case is that of a class suit for damages predicated upon the several warranties from the contractor defendants or, in the alternative, as a claim for money damages against the federal defendants for failure to compel confirmation. For the reasons stated, this Court would not have jurisdiction upon either theory. And there could be no different result even if the complaint were regarded in part as a suit against the federal defendants to compel the builders to conform the homes to specifications.

This is not to say that these plaintiffs are without legal remedy. The Superior Court of this State would have jurisdiction of such an action and, quite possibly, by virtue of Rule 20(a) of the Rules of that Court Del.C.Ann. the suit could be prosecuted in much the same manner as under Rule 23(a) (3) of the Federal Rules.[5]

An order will be entered dismissing these actions for lack of jurisdiction.

5. "Rule 20. Permissive Joinder of Parties. (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, * * * and if any question of law or fact common to all of them will arise in the action."