UNITED STATES of America,
Appellee,

v.

William SCHMITTMEYER, Defendant-Appellant.

No. 199, Docket 28515.

United States Court of Appeals
Second Circuit.

Argued Nov. 22, 1963.

Decided Dec. 30, 1963.

Leonard J. Theberge, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, on the brief), for appellee.

Julius Zizmor, New York City, for defendant-appellant.

Before MEDINA, WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM:

Appellant William Schmittmeyer purchased a home in East Brunswick, New Jersey on May 21, 1955, taking out a mortgage loan from the First Savings & Loan Association of East Paterson, New Jersey which was guaranteed by the Veterans Administration. He defaulted in his payments on the mortgage in November 1955, whereupon the bank instituted foreclosure proceedings. The bank submitted a claim to the Veterans Administration, which paid the claim and took title to the property on September 19, 1956.

The amount which the Administration fixed as the value of the property was insufficient to cover the amount of the

bank's claim, and the United States brought suit against Schmittmeyer to recover the difference of $1,677.34 together with interest. Summary judgment was granted by the District Court on the government's motion, and this appeal was taken.

 Appellant's grounds for resisting the suit and the grant of summary judgment rest on a contention, not denied by the Government, that the loan, which purported to be a first mortgage, was actually junior to four other liens on the property. He allegedly discovered this when he tried to sell the property shortly after he acquired it. He argues that the Administration may by statute and regulation guarantee only first mortgages and that since the loan was not a first lien, no valid guarantee ever came into existence and hence the payment was unauthorized. Although the statute does not require guaranteed loans to be secured by first mortgages, the applicable regulations do. 38 C.F.R. § 36.4351 (1956). However, 38 C.F.R. § 36.4325 (b) indicates that, if a loan is not secured by a first lien, the effect will not be to void the guarantee but to reduce the total amount to be paid thereupon by the amount which the "ultimate liability of the Administration would thereby be increased. * * *" Appellant also contends that he was defrauded by the bank which failed to apprise him of the prior liens. Assuming that the principal's defense of fraud could be proved and was available to the Veterans Administration, see A. L. I. Restatement, Security § 118, it would be necessary to show that the surety was aware of the defense at the time it made the payment to defeat its right to reimbursement. Id. § 108. Schmittmeyer's affidavit submitted in opposition to the motion for summary judgment states that he "pointed this out [the fact that the loan was not a first lien] after my alleged default." This conclusory allegation is devoid of further support, and is insufficient to charge the Administration with knowledge of the defense before it paid the bank on the guarantee.

There is no other evidence in the record that it had knowledge of the facts.

Since there is no indication of any facts constituting a meritorious defense to the claim for reimbursement, summary judgment was properly granted.