**UNITED STATES of America,**
**Plaintiff,**

v.

**Raymond J. CRADIT and Joy Ann Cradit,**
**Defendants.**

**Civ. A. No. 26988.**

United States District Court
E. D. Michigan, S. D.

Aug. 7, 1967.

Robert E. Hamel, Asst. U. S. Atty., Bay City, Mich., for plaintiff.

Michael A. Pelavin, Flint, Mich., for defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

ROTH, District Judge.

The defendants procured a mortgage loan from the Curnow Mortgage Corporation in July, 1961, which the Administrator of Veterans Affairs guaranteed up to $7,500.00. Subsequently the defendants defaulted on the note; and on June 25, 1963, the Administrator paid $2,677.16 to the Prudential Insurance Company, as evidenced by the affidavit of John Steinkraus, Accounting Technician for the Veterans Administration. Adjustments were made for taxes paid after foreclosure and the United States now brings suit under Title 28, Section 1345, U.S.C., for the sum of $2,507.86, plus interest at 4 per cent from September 1, 1963.

Plaintiff has moved for a summary judgment according to Rule 56(a), Federal Rules of Civil Procedure, 28 U.S.C. The defendants oppose the motion on the ground that there is a genuine issue of material fact as to whether their house met the Veterans Administration's minimum standards. Defendants claim the Veterans Administration, by guaranteeing the loan, warranted to them that the builder was "substantial" and that the house met the minimum standards set forth by the Veterans Administration. They claim the house did not meet these standards, and the builder was not responsible; wherefore, the Veterans Administration is estopped to collect from them the amount paid under the guarantee. Defendants admit procuring the loan and the default thereof.

The issues before the Court are, first, whether there is any genuine issue of material fact, and secondly, if the plaintiff is entitled to a judgment as a matter of law.

Defendants rely on Sections 5101 and 5102 of the Veterans Administration Pamphlet 26–7 (formerly V.A. Pamphlet 4–3) entitled Lenders Handbook Guaranty Or Insurance Of Loans To Veterans Of World War II And The Korean Conflict as their source of authority. However, Section 5101 simply restates Title 38, Section 1804(a), U.S.C., that the Veterans Administration will not guarantee a loan unless the house meets its minimum standards; and Section 5102 is simply a particularization of what are the minimum standards.

There is nothing in Title 38, Sections 1801 to 1824, U.S.C., the pertinent Sections dealing with loans to veterans, which provides that the Veterans Administration is to give any kind of warranty. The only warranty contemplated by Congress is the warranty given by the builder or seller to the veteran as provided in Title 38, Section 1805, U.S.C., which is not involved in this case. Courts which have considered problems dealing with loans to veterans have refused to imply any duty on the Veterans Administration that was not expressly and clearly put there by Congress. Ames v. Chestnut Knolls, 159 F.Supp. 791 (D.C.Del. 1958), United States v. Jones, 155 F. Supp. 52 (D.C.M.D.Ga.1957). The condition of the house cannot be an issue in this case, and summary judgment is the proper method to decide this case.

The defendants having admitted procuring the loan and the default thereof, the United States is entitled to a judgment as a matter of law. United States v. Shimer, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961).

Plaintiff's motion for summary judgment is granted, and plaintiff is directed to submit an order of a judgment in its favor for $2,507.86, plus 4 per cent interest from September 1, 1963, plus the costs of this action.