**UNITED STATES of America, Plaintiff,**

v.

**Gary L. GRIFFIN, Defendant.**

**Civ. A. No. 80–2253.**

United States District Court,
District of Columbia.

Jan. 19, 1982.

---

Charles F. C. Ruff, U. S. Atty., Royce C. Lamberth, A. Patricia Frohman, Asst. U. S. Attys., Washington, D. C., for plaintiff.

Russell B. Kinner, Neighborgood Legal Services Program, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOYCE HENS GREEN, District Judge.

Presently before the Court is plaintiff's Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and opposition thereto. The United States instituted this suit on September 4, 1980 to recover payments on two student loans insured by the United States Office of Education under the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*

There is no dispute that defendant obtained two student loans by executing promissory notes to an eligible lender upon receiving federal loan insurance from the Office of Education (OE). The promissory notes were executed on November 3, 1975 to the Washington Drafting School. The loans totaled $1,000.00 at 7% simple interest per annum. Defendant attended the Washington Drafting School from October 1975 through October 1976.

By way of defense, defendant asserts that he lacks "sufficient information to admit or deny default upon the obligations or the amount due and owing under the obligations," and therefore he "denies these allegations and demands strict proof thereof." *See* Answer at ¶ 10. The documents presented to this Court, however, clearly indicate that defendant defaulted on his loans and reflect the amount owed with specificity. Loan information submitted indicates that the loan is long overdue, and defendant does not contend that he has made any payments.

Defendant further argues that the Washington Drafting School (WDS), subsequently the Lacaze Academy, Technical Division, was an inadequate educational institution. Based on this alleged inadequacy, defendant claims defenses of breach of contract, illegal contract, and fraud or violation of the D.C. Consumer Protection Procedures Act of 1976. Plaintiffs argue, however, that OE was unaware of any serious problems with WDS during the time when defendant attended the school. In addition, plaintiffs claim that OE was given no notice

of any possible defenses when the claim was approved in December 1978. Based on these claims, the government contends that the defendant's defenses are meritless.

Repayment of the loan was to begin in June 1978. On August 18, 1978, when no payments had been received, OE wrote the defendant urging him to begin repayment. The letter further advised him to contact the Office of Education "if there are any other problems which you would like to discuss." OE records show no response to this letter, and defendant himself agrees that no letter was sent to OE. Defendant's attorney, instead of contacting OE, wrote to the lender's billing and bookkeeping agency and advised them that defendant wished to present defenses to the amount due. When no payments were received, the lending institution submitted a claim to the OE for payment of the federal guaranty. OE approved payment of the claim on December 7, 1978, and paid the claim.

 The law is well established that the guarantor of a loan must be aware of any defenses at the time payment is made in order to defeat the right to reimbursement. *See United States v. Schmittmeyer*, 325 F.2d 987 (2d Cir. 1963); Restatement of Security §§ 108, 118 (1941). Here, the government has the common law rights of a surety or guarantor to seek reimbursement. *See United States v. Ella Reid*, No. 79–1699 (D.D.C. Mar. 5, 1980). The narrow issue before the Court, therefore, is whether OE was aware of any defenses that defendant might have raised when the loan was paid in December 1978.

Defendant's Opposition to Motion for Summary Judgment is replete with documents concerning the inadequacies and problems of WDS and Lacaze, but they are neither relevant to the time period of 1975–1976, the period during which defendant attended the school, nor conclusory of any defenses that defendant might have. Defendant admits that OE had no actual knowledge of defendant's individual experience with the lending institution.

 Defendant alleges that OE was aware of the school's problems and, there-fore, was on "inquiry notice" of possible defenses. This argument fails for two reasons. First, it is the principal's responsibility to notify the surety of any proffered defenses prior to the payment of a claim. "If the principal has a defense he has the burden of notifying the surety." Restatement of Security § 108 comment c (1941). *See Great Am. Indem. Co. v. Garrison*, 75 F.Supp. 811, 814 (E.D.Wash.1948). *See also New Hampshire Fire Co. v. Perkins*, 30 F.R.D. 382, 384 (D.Del.1962) (court recognized comment c as a sound principle although not applicable to the facts at bar). Defendant was notified that his loan was in default, but, by his own admission, did not contact OE. Second, the information received by OE, which defendant alleges should have placed the government on "inquiry notice", was primarily related to post-1976 school problems and did not reflect problems at the school in 1975–1976. Plaintiff has produced affidavits stating that only two complaints were filed with OE criticizing the quality of education at WDS concerning the period from October 1975 to October 1976. Affidavits presented by the defendant concerning discussions in 1978 between OE and Neighborhood Legal Services Program do not contain information as to whether or not defendant's individual complaints were discussed. On the other hand, affiants for plaintiff specify that only the problems of then currently-enrolled students were discussed. OE was clearly unaware of any defenses that defendant might have raised when the loan was paid in late 1978.

 Finally, defendant argues that he was denied the opportunity to be heard, and claims that he should have been informed of OE's intention to approve the claim. It is established law that a surety is under no obligation to provide the principal with notice of payment. *See Ward v. Henry*, 5 Conn. 595 (1825); 74 Am.Jr.2d *Suretyship* § 170 (1974). OE, therefore, was under no obligation to notify the defendant that a claim on his defaulted loan was scheduled for payment. Furthermore, defendant was in a position where he should have realized that a claim from the lending institution was forthcoming. Defendant had signed an

application and promissory notes for loans under the Federal Insured Student Loan Program. He had received several notices that loan payments were overdue and that he was in default.

In summation, defendant requested and received loans guaranteed by the government. Neither he nor his attorney made the plaintiff aware of any alleged defenses at the time it paid the guaranty on the loan. Relying on accrediting agency bodies to review the educational quality of the lending institutions, in accordance with the Higher Education Act, 20 U.S.C. § 1085, OE paid the claim. Plaintiff, therefore, is entitled to reimbursement from the defendant. *See United States v. Schmittmeyer*, 325 F.2d 987, 988 (2d Cir. 1963); Restatement of Security §§ 104, 108 (1941). No evidence disputing any material facts to the legal issues herein has been presented to the Court. The United States is therefore entitled to a judgment as a matter of law. *See United States v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961); *United States v. Cradit*, 273 F.Supp. 480 (E.D.Mich. 1967).

Plaintiff's motion for summary judgment is hereby granted.